ASIM K. DESAI (SBN: 175402)
MARGRET G. PARKE (SBN: 126120)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7850
Facsimile: (213) 680-4470
E-mail: adesai@grsm.com
mparke@grsm.com

Attorneys for Defendant
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; and FLOYD THOMAS SMITH, an individual

Plaintiffs,

vs.

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, INCLUSIVE

Defendants.

CASE NO. 8:20-cv-00533-JLS-JDE

**RESPONSE OF DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY TO COURT'S MAY 5, 2020 MINUTE ORDER TO SHOW CAUSE RE DISMISSAL; DECLARATION OF MARGRET G. PARKE IN SUPPORT THEREOF**

On March 16, 2020, defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") electronically submitted for filing in Orange County Superior Court, MUSIC's Answer to the Complaint in the action *Century Tree Service, Inc., dba Century Products, et al. v. Mesa Underwriters Specialty Insurance Company*, Orange County Case No. 30-2020-01130817-CU-IC-CJC. (See Exhibit 1 to Declaration of Margret G. Parke ("Parke Decl."), ¶ 2.) At the

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

same time, MUSIC electronically submitted for filing in this Court, MUSIC's Notice of Removal, and submitted the same document to Orange County Superior Court for filing. (*Id.*) (Doc. # 1.) MUSIC served counsel for Plaintiffs with both MUSIC's Answer and the Notice of Removal. (Parke Decl., ¶ 3.) The same day, Chief Justice Tani Cantil-Skauye, Chair of the California Judicial Council, issued a response to the Request for a Judicial Emergency Order made by the Superior Court of Orange County, which precipitated the issuance of the Implementation Order Re Emergency Order the following day, March 17, 2020, by Presiding Judge Kirk H. Nakamura of the Superior Court for the County of Orange. (Parke Decl., ¶ 4.) The Implementation Order Re Emergency Order modified time periods to file papers and extended deadlines. On March 24, 2020, Judge Nakamura issued an Amended Administrative Order No. 20/09, suspending all civil trials, hearings and proceedings for 60 days. (Parke Decl., ¶ 4.)

MUSIC received confirmation that the Notice of Removal was filed in the Orange County Superior Court; however, MUSIC has not received the same confirmation for the filing of its Answer. MUSIC is advised that the filing of its Answer is still "pending." (Parke Decl., ¶¶ 5-6.) As a result, MUSIC has been unable to provide this Court with a conformed copy of the responsive pleading submitted by MUSIC for filing on March 16, 2020. (Parke Decl., ¶ 7.)

On May 5, 2020, MUSIC received the Court's Minute Order to Show Cause Re Dismissal. (Doc. #8.) The Order states that Defendant has failed to answer or present other defenses pursuant to Fed.R.Civ. P. 81 (c)(2). Counsel for MUSIC contacted counsel for Plaintiffs and informed counsel of the situation described above regarding the "pending" filing of MUSIC's Answer. Plaintiffs' counsel informed MUSIC's counsel that Plaintiffs have no objection to MUSIC submitting for filing in this Court the Answer MUSIC submitted for filing in the Orange County Superior Court action, or alternatively to file the proposed answer to the Complaint in this Court. (Parke Decl., ¶ 9.) Attached as Exhibit 1 is the Answer

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

MUSIC served on Plaintiffs and submitted for filing to the Orange County Superior Court. Attached as Exhibit 5, is MUSIC's proposed Answer to the Complaint for filing in this Court. MUSIC respectfully submits that due to the unprecedented circumstances created by the COVID-19 pandemic, the coinciding closure of the Orange County Superior Court when MUSIC was filing the original Answer, and there being no objection from Plaintiffs, it is appropriate and just for this Court to issue an Order allowing MUSIC to file an Answer to the Complaint in this Court forthwith.

Dated: May 7, 2020

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: Margret Parke

Asim K. Desai
Margret G. Parke
Attorneys for Defendant Mesa Underwriters Specialty Insurance Company

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**DECLARATION OF MARGRET G. PARKE**

I, Margret G. Parke, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Central District of California and am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, counsel of record for defendant Mesa Underwriters Specialty Insurance Company ("MUSIC"). This declaration is based upon my personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. On March 16, 2020, I prepared for filing on behalf of MUSIC an Answer to the Complaint filed in Orange County Superior Court Case No., 30-2020-01130817-CU-IC-CJC, entitled *Century Tree Service, Inc., et al. v. Mesa Underwriters Specialty Insurance Company*. ("State Court Action"). At the same time, I prepared for filing on behalf of MUSIC a Notice of Removal of the State Court Action to this court. Attached hereto as **Exhibit 1** is a true and correct copy of the original Answer submitted for electronic filing on behalf of MUSIC in the State Court Action. Attached hereto as **Exhibit 2** is a true and correct copy of the Notice of Removal submitted for filing on behalf of MUSIC in the State Court Action and filed in this Court as Doc. #1.

3. MUSIC served counsel for Plaintiffs with both the Answer to Complaint and Notice of Removal on March 16, 2020.

4. The same day, March 16, 2020, Chief Justice Tani Cantil-Skauye, Chair of the California Judicial Council, issued a response to the March 16, 2020 Request for a Judicial Emergency Order by the Superior Court of Orange County. Attached hereto as **Exhibit 3** is a true and correct copy of the Order. On March 24, 2020, Judge Nakamura issued an Amended Administrative Order No. 20/09, suspending all civil trials, hearings and proceedings for 60 days.

5. The filing of both MUSIC's Answer and the Notice of Removal in Orange County Superior Court were handled by my firm's attorney service, One

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Legal. The filings were done electronically and I am informed by One Legal that both documents were timely filed on March 16, 2020.

6. We received confirmation from One Legal that the Notice of Removal was filed, however, we have not received notification that the Answer was filed. The information One Legal has provided to us is that the filing of the original Answer is "pending."

7. On April 17, 2020, I received an email inquiry from this Court advising that a responsive pleading had not been filed. I responded to the email and advised that due to the closure of the Orange County Superior Court, we had been unable to obtain a conformed copy of the original Answer, but that we would provide this Court with a conformed copy when we were able. Attached hereto as **Exhibit 4** is a true and correct copy of my email to the Court.

8. On May 4, 2020, we received the subject Minute Order from the court to show cause re dismissal.

9. On May 5, 2020, I emailed counsel for Century Tree, Phillip Geurts, and explained the situation with MUSIC's filing of the original Answer. I advised Mr. Geurts that I would prepared a response to the Court's May 4, 2020 Minute Order and would attach as exhibits the original Answer MUSIC submitted for filing in the Orange County Superior Court action, as well as a proposed Answer for filing in this Court. Mr. Geurts stated he had had no objection to MUSIC submitting for filing in this Court either the Answer MUSIC submitted for filing in the Orange County Superior Court action, or alternatively the proposed Answer to the Complaint in this Court.

10. Attached hereto as **Exhibit 5** is a proposed Answer to Complaint for filing in this Court. Alternatively, MUSIC requests that the Court accept the original Answer MUSIC timely submitted for filing in the State Court Action, attached hereto as Exhibit 1.

/ / /

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on this 7th day of May 2020, at Palos Verdes Estates, California.

Margret G. Parke

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1205987/51453017v.1

-6-

RESPONSE OF DEFENDANT MESA UNDERWRITERS TO COURT'S MAY 5, 2020 MINUTE ORDER TO SHOW CAUSE RE DISMISSAL

# EXHIBIT 1

ASIM K. DESAI (SBN: 175402)
MARGRET G. PARKE (SBN: 126120)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7850
Facsimile: (213) 680-4470
E-mail: adesai@grsm.com
mparke@grsm.com

Attorneys for Defendant
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; and FLOYD THOMAS SMITH, an individual

Plaintiffs,

vs.

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, INCLUSIVE

Defendants.

CASE NO. 30-2020-01130817-CU-IC-CJC

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT**

Complaint Filed: 02/10/2020

Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") answers the unverified Complaint filed in the above-referenced action by plaintiffs Century Tree Service, Inc., dba Century Products and Floyd Thomas Smith ("Plaintiffs") as follows:

**GENERAL ALLEGATIONS**

Pursuant to California Code of Civil Procedure section 431.30, MUSIC denies, generally and specifically, each and every allegation set forth in Plaintiffs' Complaint. MUSIC denies that Plaintiffs are entitled to any relief against MUSIC. Further, MUSIC denies that Plaintiffs have or will sustain any injury, damage or loss, by reason of any act or omission, fault or negligence on the part of MUSIC, its agents, servants and employees or any of them.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**AFFIRMATIVE DEFENSES**

MUSIC raises each of the following affirmative defenses to each and every cause of action asserted against it and to each of the acts and/or omissions with which MUSIC is charged in the Complaint. MUSIC hereby alleges the following affirmative defenses without assuming the burden of proof for such where the burden is not by law upon MUSIC.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

The Complaint, and each and every cause of action, fails to state facts sufficient to constitute a cause of action against MUSIC.

**SECOND AFFIRMATIVE DEFENSE**

(Proximate Cause)

The acts alleged to have been committed by MUSIC were not the cause in fact, proximate cause, or legal cause of any damages complained of in Plaintiffs' Complaint.

**THIRD AFFIRMATIVE DEFENSE**

(Superseding/Intervening Cause)

MUSIC alleges that Plaintiffs and/or other superseding and intervening persons, entities, or incidents, and not MUSIC, are the cause of any resulting damages complained of in Plaintiffs' Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

(Contributory/Comparative Fault)

MUSIC alleges that all damages sustained by Plaintiffs, if any, were proximately caused by other parties.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

MUSIC alleges that Plaintiffs failed to exercise reasonable care to mitigate, minimize or avoid its alleged damages.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**SIXTH AFFIRMATIVE DEFENSE**

(Acts or Omissions of Others)

MUSIC alleges that, if Plaintiffs were injured as alleged in the Complaint, they were injured by acts or omissions of persons or organizations other than MUSIC, who were neither under the control of, nor in the employ of, MUSIC.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of "unclean hands."

**EIGHTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of "laches."

**NINTH AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

Plaintiffs waived their right to assert and/or are estopped from asserting the causes of action against MUSIC contained in their Complaint by virtue of their own acts and conduct.

**TENTH AFFIRMATIVE DEFENSE**

(Terms Preclude Claim)

Plaintiffs' causes of action are barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the insurance policy issued by MUSIC, and/or by public policy or express provision of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Conduct)

MUSIC alleges that all acts done by MUSIC were performed fairly, in good faith, and for a lawful purpose, and were in compliance with the explicit and implied terms of the policy issued by MUSIC.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**TWELTH AFFIRMATIVE DEFENSE**

(No Breach of Contract)

MUSIC alleges that it is not liable for breach of contract because Plaintiffs cannot prove that MUSIC breached any express provision contained in the insurance policy issued to Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Breach of Insureds' Duties)

Plaintiffs cannot recover damages in connection with any alleged breach of contract because Plaintiffs have failed to perform obligations under, and comply with, all conditions contained in the policy issued by MUSIC.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335, 337, 338, 339, 340, 340.6, and/or 343.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

(Genuine Dispute Doctrine)

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is barred, in whole or in part, by the "genuine dispute doctrine."

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

Plaintiffs' claim for punitive damages fails to state facts entitling Plaintiff to an award of such damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiffs seek punitive damages pursuant to California Civil Code section 3294, such claim violates MUSIC's right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution, as well as the Constitution of the State of

California and, therefore, fails to state a cause of action upon which such damages can be awarded.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiffs seek punitive damages pursuant to California Civil Code section 3294, such claim violates MUSIC's right to protection from excessive fines, guaranteed by the Eighth Amendment of the United States Constitution and Article I, section17, of the Constitution of the State of California and, therefore, fails to state a cause of action supporting the claim for such damages.

**NINTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiffs seek punitive damages pursuant to California Civil Code section 3294, such claim violates MUSIC's right to substantive due process, guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California and, therefore, fails to state a cause of action supporting the claims for such damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Right to Raise Additional Defenses)

Plaintiffs failed to describe the causes of action with sufficient particularity to enable MUSIC to determine all of their legal, contractual and equitable rights. MUSIC reserves the right to amend and/or supplement the averments of this answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

WHEREFORE, MUSIC prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Court enter judgment in favor of MUSIC on each cause of action alleged against it in the Complaint;
3. That MUSIC be awarded its costs of suit herein; and

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

4. For such other and further relief as the Court deems just and proper

Dated: March 16, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Margret Parke
Asim Desai
Margret G. Parke
Attorneys for Defendant MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY

-6-
DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 633 West Fifth Street, 52nd floor, Los Angeles, CA 90071. On **March 16, 2020**, I served the within documents:

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT**

☒ VIA U.S. MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ VIA ELECTRONIC MAIL: by transmitting said document(s) via electronic mail to the e-mail addresses listed below.

Phillip Geurts, Esq.
Geurts Law Firm
18100 Von Karman, Suite 850
Irvine, CA 92612
Tel. No.: (714) 307-9192
Fax No.: (949) 861-6155
E-mail: phil@!mgcalaw.com

Attorney for Plaintiff Century Tree Service, Inc.
Dba Century Products and Floyd Thomas Smith

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 16, 2020** at Los Angeles, California.

Marlo C. Salinas

Marlo C. Salinas

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

1205987/50599904v.1

# EXHIBIT 2

ASIM K. DESAI (SBN: 175402)
MARGRET G. PARKE (SBN: 126120)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7850
Facsimile: (213) 680-4470
E-mail: adesai@grsm.com
mparke@grsm.com

Attorneys for Defendant
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; and FLOYD THOMAS SMITH, an individual

Plaintiffs,

vs.

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, INCLUSIVE

Defendants.

CASE NO.

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**

[Filed concurrently with Certificate of Interested Parties, and Declaration of Heather Koorsgaard]

Complaint filed: 02/10/2020

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") hereby seeks removal of the above-entitled action from the Superior Court of the State of California in and for the County of Orange to the United States District Court pursuant to 28 U.S. C. §§ 1331 and 1446. This

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 (diversity of citizenship).

## I. JURISDICTION

1. On February 10, 2020, Century Tree Service, Inc., dba Century Products ("Century") commenced an action in the Superior Court of the State of California in and for the County of Orange entitled, *Century Tree Service, Inc. dba Century Products v. Mesa Underwriters Specialty Insurance Company*, Case No. 30-2020-0113-817-CU-IC-CJC ("the "Century Action"), (Exhibit "A" attached to Declaration of Heather Korsgaard ("Korsgaard Dec.").

2. The Century Action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and because the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has original jurisdiction over this matter, and it is removable pursuant to 28 U.S.C. § 1441(a) and (b).

## II. THE NOTICE OF REMOVAL IS TIMELY

3. The complaint in the Century Action, along with the summons, was served on MUSIC on February 14, 2020. (Korsgaard Dec., at p. 2, ¶¶ 3-4 and Exhibits "A" and "B" attached thereto.)

4. At no time prior to February 14, 2020, did MUSIC receive a copy of either the summons or complaint. (Korsgaard Dec., at p. 2, ¶ 5.)

5. The only other documents served on MUSIC prior to its filing this Notice of Removal were: (a) Proof of Service of Summons; (b) Alternative Dispute Resolution (ADR) package; (c) Civil Case Coverage Sheet; and (d) Notice and Acknowledgement of Receipt – Civil. (Korsgaard Dec., at p. 2, ¶ 6 and Exhibit "C" attached thereto)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." MUSIC has filed this notice within 30 days after service of the summons and complaint filed in the Century Action.

7. The defendants designated in the summons and complaint as Does 1 to 50 are fictitious defendants and are to be disregard for the purposes of removal. 29 U.S.C. § 1441(a).

## III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

### A. Century Tree Service, Inc. dba Century Products

8. MUSIC is informed and believes, and upon such information and belief alleges, that Century is a California corporation that is registered to do business in the state of California. The complaint filed in Orange County Superior Court in the Century Action identifies Century as "corporation organized in California with its principal place of business in the City of Anaheim, County of Orange, State of California, and is and has been duly authorized to conduct business in California." (Exhibit "A" at pp. 1-2, ¶ 2.)

### B. Floyd Thomas Smith

9. MUSIC is informed and believes, and upon such information and belief alleges that Floyd Thomas Smith ("Smith") is an individual of majority age residing in the County of Orange, State of California. The complaint filed in Orange County Superior Court in the Century Action identifies Smith as "residing in County of Orange, State of California, and is and has been a stockholder,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

director, and officer of Century." (Exhibit "A" at p. 2, ¶ 3.)

**C. Mesa Underwriters Specialty Insurance Company**

10. MUSIC is, and was at the time the complaint in the Century Action was served, a company incorporated in Oklahoma and redomiciled in New Jersey. MUSIC's principal place of business is in Branchville, New Jersey. (Korsgaard Decl., at p 2, ¶ 8.) MUSIC has no business offices located in California. (*Id*.)

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. MUSIC respectfully submits that, based upon the Century Action complaint, the amount of Century Tree's claimed damages clearly exceeds $75,000.

15. The Century Action arises out of an insurance claim submitted by Century Tree under Policy No. MP0004008013408 issued by MUSIC to Century Tree Service, Inc. ("the Policy") and effective from 11/18/2018 to 11/18/2019. (Exhibit "A" at p. 3, ¶ 10.) The limits of the policy for personal and advertising injury are $1,000,000. (Korsgaard Decl., p. 3, ¶ 9.) Century seeks coverage under the Policy for a defense and indemnity of claims alleged against it in an underlying lawsuit filed in U.S. District Court, Central District, Case No. 8:19-cv-01575, entitled *Water for Living, LLC v. GForce Corporation dba DFX Sports & Fitness LLC; Century Tree Service, Inc.; and Tom Smith* ("Underlying Lawsuit"). The Underlying Lawsuit states causes of action for copyright infringement, false advertising, unfair business practices, unfair competition, trademark infringement, trademark dilution and civil conspiracy. (Exhibit "A" at p. 6, ¶ 16 and Exhibit 2 thereto.)

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

16. In Underlying Lawsuit, for which Century seeks a defense and indemnity in the Century Action, the plaintiff alleges that it would be entitled to recover "instead of actual damages and profits an award of statutory damages of up to two million dollars ($2,000,000) per mark per type of goods or services sold, offered for sale, or distributed." (Exhibit "A", Exhibit 2, thereto, at ¶ 101.)

17. In the Underlying Lawsuit, plaintiff prays for compensatory damages of "no less than $500,000." The Underlying Lawsuit also seek plaintiff's costs and expenses, reasonable attorney's fees and prejudgment interest. (Exhibit "A", Exhibit 2 thereto, Prayer, ¶¶ 7-9; Korsgaard Decl., p. 3, ¶ 12.)

18. In the Century Action, the complaint alleges that Century has suffered and will continue to suffer damages, without limit, attorneys' fees, litigation costs, expert witness costs, judgment and interest and indemnity amounts, all to be shown at the time of trial. (Exhibit "A" at pp. 10-11, ¶ 44.)

## V. THE OTHER PREREQUISITES HAVE BEEN SATISFIED

20. Pursuant to 28 U.S.C. § 1446(d) Notice to Adverse Party of Removal to Federal Court will be served "promptly" on Century. Additionally, the Notice to Adverse Party of Removal to Federal Court will be filed with the Superior Court of California, County of Orange, also pursuant to 28 U.S.C. § 1446(d).

21. If any question arises as to the propriety of the removal of the Century Action, MUSIC requests the opportunity to present a brief and oral argument in support of their position that this case should be removed to District Court based upon diversity of citizenship.

WHEREFORE, MUSIC desires to remove this case to the United States District Court for the Southern District of California, pray that the filing of the Notice to Adverse Party of Removal to Federal Court with the Clerk of the

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Superior Court of California, County of Orange, shall effect the removal of this action to District Court. 28 U.S.C. § 1446(d).

Dated: March 16, 2020

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Margret Parke

Asim K. Desai
Margret G. Parke
Attorneys for Defendant Mesa Underwriters Specialty Insurance Company

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-6-

1205987/50575965v.1

DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

# EXHIBIT 3

THE JUDICIAL COUNCIL OF THE STATE OF CALIFORNIA

Because of the COVID-19 epidemic, leading to health and safety concerns resulting in the Superior Court of California, County of Orange to operate with a limited staff of employees and insufficient court security, and the proclamation of a state of emergency by Governor Gavin Newsom, it has been determined that the conditions described in section 68115 of the Government Code are met with regard to the Superior Court of Orange County. Upon the request of Presiding Judge Kirk Nakamura, it is ordered that the Superior Court of Orange County is authorized to do the following:

- Declare that for a period of up to 10 court days from the date of the order granting relief under section 68115, an emergency condition substantially interfered with the public's ability to file papers in a court facility or court facilities, and that such days are deemed holidays for the purpose of computing time for filing papers with the court under sections 12 and 12a of the Code of Civil Procedure (Gov. Code, § 68115(a)(4));

- Declare that March 17, 2020 through March 27, 2020, inclusive, be deemed holidays for purposes of computing time under Penal Code section 825 (time to bring arrested person before magistrate) and Welfare and Institutions Code sections 313 (detention of minor pending dependency proceedings), 315 (detention hearing for minor in custody pending dependency proceedings), 631 (detention of minor in wardship proceedings), 632 (detention hearing for minor in wardship proceedings), 637 (detention rehearing for minor in wardship proceedings), and 657 (hearing on petition to declare minor a ward) (Gov. Code, § 68115(a)(5));

- Declare that for a period of up to 10 court days from the date of the order granting relief under section 68115, an emergency condition prevented the court from conducting proceedings governed by Welfare and Institutions Code section 334, and that such days are deemed holidays for the purpose of computing time under this statute (Gov. Code, § 68115(a)(5));

- Extend by not more than 14 days the time periods provided in sections 583.310 and 583.320 of the Code of Civil Procedure to bring an action to trial, where the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(6));

- Extend for up to 14 days, the duration of any restraining order that would otherwise expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(7));

- Extend the time period provided in section 859b of the Penal Code for the holding of a preliminary examination from 10 court days to not more than 15 court days where the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(9));

- Extend the time period provided in section 1382 of the Penal Code for the holding of a criminal trial by not more than 30 days in cases in which the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(10));

- Extend the time period provided in section 825 of the Penal Code within which a defendant charged with a felony offense must be taken before a magistrate from 48 hours to not more than 5 days, applicable only to cases in which the statutory deadline otherwise would expire on from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(8));

- Extend the time period provided in section 313 of the Welfare and Institutions Code within which a minor taken into custody pending dependency proceedings must be released from custody to not more than 5 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(11));

- Extend the time period provided in section 315 of the Welfare and Institutions Code within which a minor taken into custody pending dependency proceedings must be given a detention hearing to not more than 5 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(11));

- Extend the time periods provided in sections 632 and 637 of the Welfare and Institutions Code within which a minor taken into custody pending wardship proceedings and charged with a felony offense must be given a detention hearing or rehearing to not more than 5 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(11));

- Extend the time period provided in section 334 of the Welfare and Institutions Code within which a hearing on a juvenile dependency petition must be held by not more than 15 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(12));

- Extend the time period provided in section 657 of the Welfare and Institutions Code within which a hearing on a wardship petition for a minor charged with a felony offense must be held by not more than 15 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020 through March 27, 2020, inclusive (Gov. Code, § 68115(a)(12)).

Date: March 16, 2020

T. Cantil-Sakauye

Hon. Tani G. Cantil-Sakauye
Chief Justice of California and
Chair of the Judicial Council

# EXHIBIT 4

**From:** Margret Parke <mparke@grsm.com>
**Sent:** Tuesday, April 21, 2020 7:56 AM
**To:** 'JLS_Chambers@cacd.uscourts.gov' <JLS_Chambers@cacd.uscourts.gov>
**Cc:** Asim Desai <adesai@grsm.com>
**Subject:** FW: 8:20-cv-00533-JLS-JDE: Century Tree Service, Inc. et al v. Mesa Underwriters Specialty Insurance Company et al

Good Morning –

Pending the resumption of the Orange County Superior Court's electronic filing system, we have confirmed via the Orange County Superior Court's online docket that payment was received for filing the answer. Our email inquiry to the Superior Court yesterday indicated "electronic filings will be received by the system and processed when the court operations fully resume." The Superior Court reportedly will resume operations on April 24, 2020. We will file a supplemental pleading with the District court, attaching a conformed copy of the answer filed by defendant in Superior Court, as soon as we are in receipt of same.

Thank you for your consideration. Please contact me with any immediate questions.

Kind regards,
Margret Parke

**MARGRET G. PARKE** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

D: 213-270-7847 | mparke@grsm.com

www.grsm.com
vCard

**From:** Margret Parke <mparke@grsm.com>
**Sent:** Friday, April 17, 2020 2:06 PM
**To:** 'JLSChambers' <JLS_Chambers@cacd.uscourts.gov>; Asim Desai <adesai@grsm.com>
**Subject:** RE: 8:20-cv-00533-JLS-JDE: Century Tree Service, Inc. et al v. Mesa Underwriters Specialty Insurance Company et al

Good Afternoon –

We submitted our answer for filing in Orange County Superior Court at the same time we submitted for filing our Notice of Removal on March 16, 2020. We have not received conformed copies of either. I am following up with our attorney service now and will advise as soon as possible.

Thank you,
Margret Parke

**MARGRET G. PARKE** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

D: 213-270-7847 | mparke@grsm.com

www.grsm.com
vCard

**From:** JLSChambers <JLS_Chambers@cacd.uscourts.gov>
**Sent:** Friday, April 17, 2020 12:57 PM
**To:** Margret Parke <mparke@grsm.com>; Asim Desai <adesai@grsm.com>
**Subject:** 8:20-cv-00533-JLS-JDE: Century Tree Service, Inc. et al v. Mesa Underwriters Specialty Insurance Company et al

Good afternoon,

The above matter was remove March 16, 2020, to date a responsive pleading has not been filed. Please advise.

Thank you.

CHAMBERS OF THE HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
411 West Fourth Street, Courtroom 10A
Santa Ana CA, 92701
Office: 714-338-4738
Email: jls_chambers@cacd.uscourts.gov

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE PARTNER®**
**http://www.grsm.com**

# EXHIBIT 5

ASIM K. DESAI (SBN: 175402)
MARGRET G. PARKE (SBN: 126120)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7850
Facsimile: (213) 680-4470
E-mail: adesai@grsm.com
mparke@grsm.com

Attorneys for Defendant
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; and FLOYD THOMAS SMITH, an individual

Plaintiffs,

vs.

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, INCLUSIVE

Defendants.

CASE NO. 8:20-cv-00533-JLS-JDE

**[PROPOSED] ANSWER OF DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S TO COMPLAINT**

Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") hereby answers the Complaint of Plaintiff Century Tree Service, Inc. dba Century Products and Floyd Thomas Smith (collectively "Plaintiffs") as follows:

1. MUSIC admits the allegations of this paragraph.

2. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.



Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

3. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

4. MUSIC admits that MUSIC is a corporation organized and existing under the laws of the state of New Jersey, and has it principal place of business in the state of New Jersey. MUSIC admits it is authorized to do business in California and authorized to conduct business as an insurer issuing insurance policies to California insured through California licensed brokers.

5. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

6. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

7. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

8. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

9. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

10. MUSIC admits that it issued commercial general liability policies of insurance to Century Tree Service, Inc., dba Century Products, Policy No. MP0004008011859, with a policy period of 11/18/2017 to 11/18/2018, and Policy No. MP0004008013408, with a policy period of 11/18/2018 to 11/18/2019 (collectively referred to as "the Policies"). MUSIC denies the remaining allegations of this paragraph.

11. MUSIC admits the Policies, each provide a limit of $1,000,000 for each occurrence, and for a personal and advertising limit of $1,000,000, and coverage obligations are subject to the deductibles stated in the both policies.

12. MUSIC admits the Policies each contain the provisions set forth at paragraph 12 in the Complaint.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

13. MUSIC admits the allegations of this paragraph.

14. MUSIC admits the allegations of this paragraph.

15. MUSIC admits that all premium payments required by the terms and conditions of the Policies have been paid. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

**THE UNDERLYING CASE**

16. MUSIC admits the allegations of this paragraph.

17. MUSIC admits the allegations of this paragraph.

18. MUSIC admits that the complaint in the Underlying Case alleges that it owns registered copyrights and common law rights in certain trademarks. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

19. MUSIC admits the complaint in the Underlying Case alleges GForce Corporation, Century, and Smith, or some combination thereof, registered a domain name and created a website containing photographs of Water for Living, LLC's products and text copied from Water for Living, LLC's website. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

20. MUSIC admits the complaint in the Underlying Case alleges orders were place through the website but goods were not received, and further that use was not stopped despite a "cease and desist" demand. MUSIC denies the remaining allegations of this paragraph.

21. MUSIC admits that Plaintiffs tendered the defense of the Underlying Case to MUSIC, and that by letter dated September 16, 2019, MUSIC denied Plaintiffs' tender.

22. MUSIC admits that it denied coverage in the September 16, 2019 letter based, in part, on an exclusion in the Policies for claims for "personal and

advertising injury," as defined by the Policies, that arise out of the infringement of copyright, patent, trademark, trade secret and other intellectual property rights. MUSIC denies the remaining allegations in this paragraph.

23. MUSIC admits that it denied coverage in the September 16, 2019 letter based, in part, on exclusions in the Policies for intentional conduct. MUSIC denies the remaining allegations in this paragraph.

24. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

25. MUSIC denies the allegations in this paragraph.

26. MUSIC admits the allegations in this paragraph.

## FIRST CAUSE OF ACTION

**(Breach of Contract Against All Defendants)**

27. MUSIC incorporates its responses to paragraphs 1 through 26 of its Answer to the Complaint as if fully set forth herein.

28. MUSIC admits that it issued the Policies to Century Tree Service, Inc., dba Century Products. MUSIC denies the remaining allegations in this paragraph.

29. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

30. MUSIC denies the allegations in this paragraph.

31. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

32. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

33. MUSIC denies the allegations in this paragraph.

34. MUSIC denies the allegations in this paragraph.

35. MUSIC denies the allegations in this paragraph.

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**SECOND CAUSE OF ACTION**

**(Bad Faith Against All Defendants)**

36. MUSIC incorporates its responses to paragraphs 1 through 35 of its Answer to the Complaint as if fully set forth herein.

37. MUSIC admits that it issued the Policies to Century Tree Service, Inc., dba Century Products. MUSIC denies the remaining allegations in this paragraph.

38. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

39. MUSIC admits the Policies impose on MUSIC obligations to those insured under the Policies pursuant to the terms, conditions, exclusions and definitions of the Policies and under the law. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

40. MUSIC denies the allegations in this paragraph, including all subparts to this paragraph.

41. MUSIC denies the allegations in this paragraph.

42. MUSIC denies the allegations in this paragraph.

43. MUSIC denies the allegations in this paragraph.

44. MUSIC denies the allegations in this paragraph.

45. MUSIC denies the allegations in this paragraph.

**THIRD CAUSE OF ACTION**

**(Unfair Business Practices (B&P § 17200 et seq.) Against All Defendants)**

46. MUSIC incorporates its responses to paragraphs 1 through 45 of its Answer to the Complaint as if fully set forth herein.

47. MUSIC denies the allegations in this paragraph.

48. MUSIC denies the allegations in this paragraph.

49. MUSIC denies the allegations in this paragraph.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

50. MUSIC denies the allegations in this paragraph.

51. MUSIC denies the allegations in this paragraph.

52. MUSIC denies the allegations in this paragraph.

53. MUSIC denies the allegations in this paragraph.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief Against All Defendants)**

54. MUSIC incorporates its responses to paragraphs 1 through 53 of its Answer to the Complaint as if fully set forth herein.

55. MUSIC admits the allegations of this paragraph.

56. MUSIC admits that it disputes Plaintiffs' contentions that MUSIC owes Plaintiff a duty to defend and pay benefits under the Policies for claims alleged in the Underlying Action. MUSIC denies the remaining allegations of this paragraph.

57. MUSIC admits the allegations of this paragraph.

58. MUSIC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

59. MUSIC denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, MUSIC alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each and every cause of action, fails to state facts sufficient to constitute a cause of action against MUSIC.

## SECOND AFFIRMATIVE DEFENSE

(Proximate Cause)

The acts alleged to have been committed by MUSIC were not the cause in fact, proximate cause, or legal cause of any damages complained of in Plaintiffs'

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Complaint.

**THIRD AFFIRMATIVE DEFENSE**

(Superseding/Intervening Cause)

MUSIC alleges that Plaintiffs and/or other superseding and intervening persons, entities, or incidents, and not MUSIC, are the cause of any resulting damages complained of in Plaintiffs' Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

(Contributory/Comparative Fault)

MUSIC alleges that all damages sustained by Plaintiffs, if any, were proximately caused by other parties.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

MUSIC alleges that Plaintiffs failed to exercise reasonable care to mitigate, minimize or avoid its alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

(Acts or Omissions of Others)

MUSIC alleges that, if Plaintiffs were injured as alleged in the Complaint, they were injured by acts or omissions of persons or organizations other than MUSIC, who were neither under the control of, nor in the employ of, MUSIC.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of "unclean hands."

**EIGHTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of "laches."

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**NINTH AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

Plaintiffs waived their right to assert and/or are estopped from asserting the causes of action against MUSIC contained in their Complaint by virtue of their own acts and conduct.

**TENTH AFFIRMATIVE DEFENSE**

(Terms Preclude Claim)

Plaintiffs' causes of action are barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the insurance policy issued by MUSIC, and/or by public policy or express provision of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Conduct)

MUSIC alleges that all acts done by MUSIC were performed fairly, in good faith, and for a lawful purpose, and were in compliance with the explicit and implied terms of the policy issued by MUSIC.

**TWELTH AFFIRMATIVE DEFENSE**

(No Breach of Contract)

MUSIC alleges that it is not liable for breach of contract because Plaintiffs cannot prove that MUSIC breached any express provision contained in the insurance policy issued to Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Breach of Insureds' Duties)

Plaintiffs cannot recover damages in connection with any alleged breach of contract because Plaintiffs have failed to perform obligations under, and comply with, all conditions contained in the policy issued by MUSIC.

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335, 337, 338, 339, 340, 340.6, and/or 343.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

(Genuine Dispute Doctrine)

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is barred, in whole or in part, by the "genuine dispute doctrine."

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

Plaintiffs' claim for punitive damages fails to state facts entitling Plaintiff to an award of such damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiffs seek punitive damages pursuant to California Civil Code section 3294, such claim violates MUSIC's right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution, as well as the Constitution of the State of California and, therefore, fails to state a cause of action upon which such damages can be awarded.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiffs seek punitive damages pursuant to California Civil Code section 3294, such claim violates MUSIC's right to protection from excessive fines, guaranteed by the Eighth Amendment of the United States Constitution and Article I, section17, of the Constitution of the State of California and, therefore, fails to state a cause of action supporting the claim for such damages.

**NINTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiffs seek punitive damages pursuant to California Civil Code section 3294, such claim violates MUSIC's right to substantive due process, guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California and, therefore, fails to state a cause of action supporting the claims for such damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Right to Raise Additional Defenses)

Plaintiffs failed to describe the causes of action with sufficient particularity to enable MUSIC to determine all of their legal, contractual and equitable rights. MUSIC reserves the right to amend and/or supplement the averments of this answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

WHEREFORE, MUSIC prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Court enter judgment in favor of MUSIC on each cause of action alleged against it in the Complaint;
3. That MUSIC be awarded its costs of suit herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: May ___, 2020

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________________
Asim K. Desai
Margret G. Parke
Attorneys for Defendant Mesa Underwriters Specialty Insurance Company

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071